938 A.2d 916

IN THE MATTER OF STEPHEN M. BRETT, AN ATTORNEY
AT LAW (ATTORNEY NO. 009222000).

December 3, 2007.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–071, concluding that as a matter of reciprocal discipline pursuant to *Rule* 1:20–14, **STEPHEN M. BRETT**, formerly of **FLORHAM PARK**, who was admitted to the bar of this State in 2000, should be suspended from the practice of law for a period of one year based on discipline imposed in the Commonwealth of Massachusetts for unethical conduct in Maine that constitutes violations of *RPC* 1.1(a) (gross neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to communicate with client), *RPC* 3.1 (pursuing frivolous claim), *RPC* 4.2 (communicating with person represented by counsel), *RPC* 5.5(a) (unauthorized practice of law), *RPC* 8.1(a) (knowingly making false statement of material fact in connection with disciplinary matter), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having further concluded that respondent should not be reinstated to practice in New Jersey until he is reinstated in Maine, and that prior to reinstatement to practice, respondent should submit proof of his fitness to practice law;

And good cause appearing;

It is ORDERED that **STEPHEN M. BRETT** is suspended from the practice of law for a period of one year and until the further Order of the Court, retroactive to December 5, 2006, the effective date of respondent's suspension in Massachusetts; and it is further

ORDERED that **STEPHEN M. BRETT** shall not be reinstated to practice in New Jersey until reinstated in Maine; and it is further

ORDERED that prior to reinstatement to practice in New Jersey, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.